UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **TANA MCCOY** | **CASE NO. 5:22-CV-00519** |
| **VERSUS** | **CHIEF JUDGE S. MAURICE HICKS, JR.** |
| **JUSTIN CARROWAY, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

This case involves the alleged theft of Plaintiff Tana McCoy's ("McCoy's") car. In connection with the alleged theft, McCoy filed suit against Justin Carroway, Lauren Carroway, Automotive Holdings, d/b/a Carroway Pre-Owned ("Carroway Pre-Owned"), Ryan Puckett, Ron Collins, Gregg Orr, Gregg Orr Motors Inc. of Arkansas, Thomas Orr, and Orr Motors of Louisiana, Inc. (together, "Defendants"). Because she has failed to establish subject matter jurisdiction, it is recommended that McCoy's claims be dismissed without prejudice.

### I. FACTUAL BACKGROUND

On June 5, 2021, McCoy traveled from her home in Montgomery County, Arkansas, to Hot Springs, Arkansas, in the Lexus she had purchased in June 2020. [doc. #1, p. 3]. On June 8, 2021, McCoy allowed her acquaintance, Natalie Hubach ("Hubach") to use her car to run errands. *Id.* at 4. Later that night, Hubach apparently texted McCoy to tell her that the car had a flat tire and that her friend, Ryan Puckett ("Puckett"), had changed the tire, but taken the car to work with him. *Id.* Hubach later informed McCoy that Puckett would not return her car. *Id.* at 5.

That night, McCoy contacted the Hot Springs Police Department and reported her car stolen. *Id.* McCoy also contacted Ron Collins ("Collins"), Puckett's employer. *Id.* Apparently,

Puckett claimed that he had won McCoy's car in a poker game and then later said that he had purchased the car from two women in exchange for heroin. *Id.* at 5-6. McCoy denied both stories and, after regaining possession of her car, returned to Montgomery County. *Id.* at 6.

On September 17, 2021, McCoy was pulled over by the Arkansas State Police for speeding. *Id.* at 7. The officer informed McCoy that her car had been reported stolen and despite McCoy's explanation of the events in Hot Springs, ultimately impounded the car. *Id.* According to McCoy, this triggered a months-long unsuccessful effort to convince the police that she is the rightful owner of the car. McCoy claims that during this process, "she was denied her Constitutional right to procedural due process." *Id.* at 16.

McCoy eventually learned that on November 15, 2021, Puckett had picked up the car from impound. *Id.* Puckett then sold the car to Collins, who sold it to Orr Toyota. *Id.* On January 18, 2022, McCoy informed Thomas Orr of Orr Auto Group of Louisiana that she is the rightful owner of the car. *Id.* at 17. However, Orr did not respond. *Id.* On January 26, 2022, the car was sold to Carroway Pre-Owned. *Id.* McCoy contacted Lauren and Justin Carroway of Carroway Pre-Owned and explained the situation, and Justin Carroway informed her that he planned to sell the car. *Id.* at 17-18.

On February 22, 2022, McCoy filed suit in this Court against Justin Carroway, Lauren Carroway, Carroway Pre-Owned, Collins, Gregg Orr Motors, Inc., Gregg Orr, Thomas Orr, Orr Motors of Louisiana, Inc., and Puckett. *Id.* at 1. McCoy invoked both diversity and federal question jurisdiction. [doc. #1-2, p. 1-2].

On March 9, 2022, the undersigned conducted a sua sponte jurisdictional review of McCoy's Complaint and determined that McCoy had failed to establish either diversity

jurisdiction or federal question jurisdiction. [doc. #6]. Accordingly, the undersigned provided McCoy until March 30, 2022, to file an amended complaint properly alleging federal subject matter jurisdiction.

On March 29, 2022, McCoy filed a motion for an extension of time to file an amended complaint, which the undersigned granted, affording McCoy until April 20, 2022, to file her amended complaint.[1]  [doc. #s 7 & 10].

On April 22, 2022, two days after the deadline to file an amended complaint, McCoy filed her Amended Complaint.

## II.    LAW AND ANALYSIS

Before reaching the merits of a case, a federal court is obligated to ensure that it has subject matter jurisdiction to hear the matter.  *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-31 (2007); *Smith v. Tex. Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction).  Federal courts may exercise diversity jurisdiction or federal question jurisdiction over a suit.  Federal question jurisdiction exists over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Diversity jurisdiction, on the other hand, exists when "[a]ll plaintiffs [are] diverse in citizenship from all defendants," and the amount in controversy exceeds $75,000, exclusive of costs and fees.  *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-40 (5th Cir. 1990).  For purposes of diversity, an individual is a citizen of the state in which he is domiciled.  *Preston v. Tenet Healthsys. Mem'l*

---

[1] On March 29, 2022, McCoy also filed a motion for appointment of counsel, which the undersigned denied. [doc. #s 8 & 9].

*Med. Ctr.*, 485 F.3d 793, 798 (5th Cir. 2007). A corporation is a citizen of both the state in which it is incorporate and the state of its principal place of business. *Id.* Finally, "the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling*, Co., 542 F.3d 1077, 1080 (5th Cir. 2008).

Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). A court must raise the issue sua sponte if it discovers that it lacks subject matter jurisdiction. *Id.* If the court finds a lack of subject matter jurisdiction, the court must sua sponte dismiss the cation. FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021). Before dismissing a case sua sponte, the court must give the plaintiff notice of the court's intention to dismiss and afford the plaintiff an opportunity to respond. *Carver*, 18 F.4th at 498 (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)).

    A. McCoy's Original Complaint.

McCoy failed to establish diversity jurisdiction in her Original Complaint. As an initial matter, McCoy incorrectly alleges the citizenship of the parties. McCoy's Original Complaint lists six individual parties, which are all described as "living" or "residing" in their respective states. [doc. #1, p. 2]. However, residence alone is not sufficient to prove citizenship. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Furthermore, the complaint lists three companies, both of which McCoy identifies as corporations. [doc. #1, p. 2]. While McCoy identifies the

listed corporations' principal places of business, she fails to list their states of incorporation. Accordingly, McCoy has improperly alleged diversity jurisdiction.[2]

McCoy has also failed to state a federal cause of action. McCoy's cause of action against Puckett is rooted in the misappropriation of her car, which is a state law claim. *See Pompura v. Paxton*, 16-CV-1099, 2016 WL 11586260, at *2 (W.D. Tex. Sept. 30, 2016) ("Generic allegations of 'theft' [and] 'fraud' . . . are not federal causes of action."). As to the other Defendants, it is unclear the exact claims McCoy is attempting to assert. In her complaint, McCoy repeatedly mentions that she was deprived of her property without due process. However, with limited exceptions,[3] a plaintiff may not bring a constitutional violation claim

---

[2] The undersigned notes that if McCoy had properly alleged that these parties were domiciled in their respective states, rather than merely residing there, diversity jurisdiction would fail. McCoy claims she resides in Arkansas. However, one of the corporations listed as a defendant, Gregg Orr Motors of Arkansas, Inc., has its principal place of business in Arkansas and, thus, is a citizen of Arkansas. Therefore, if McCoy is in fact domiciled in Arkansas, this would destroy complete diversity. Moreover, if Puckett and Collins are domiciled in Arkansas, this will also destroy diversity.

[3] For purposes of § 1983, there are several instances where seemingly private conduct may be charged to the state. First, "[p]rivate action may be deemed state action when the defendant's conduct is 'fairly attributable to the State.'" *Id.* at 423 (citing *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999)). Under the "fair attribution" test, "the plaintiff must show: (1) that the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may fairly be said to be a state actor." Second, under the "public function" test, a private entity may be deemed a state actor when that entity performs a function which is traditionally the exclusive province of the state. *Bass*, 180 F.3d at 241-42 (citing *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). Third, under the state compulsion test, a state will be held responsible for a private decision "when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id.* at 242 (citing *Blum v. Yaretsky*, 457 U.S. 991, 102 (1982)). Finally, under the joint action test, state action may be found where the government has "so far insinuated itself into a position of interdependence with the private actor that it was a joint participant in the enterprise." *Id.* (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 357-58 (1974)).

against a non-state actor. None of the named Defendants are state actors, and none of the exceptions allowing for a plaintiff to bring a constitutional claim against a non-state actor appear to apply. Thus, McCoy does not have a claim against Defendants for deprivation of property without due process.[4]

B. *McCoy's Amended Complaint.*

Although McCoy ultimately filed an Amended Complaint which cured many of the aforementioned deficiencies, she failed to do so timely, even after having been granted an extension of time. Thus, the Court need not consider it.

Nevertheless, in light of McCoy's pro se status, the Court has reviewed the Amended Complaint and still finds it lacking. McCoy improperly alleges citizenship of Carroway Pre-Owned by asserting its state of registration and state of principal place of business. However, Carroway Pre-Owned is an LLC; accordingly, it is a citizen of the states of each of its members. *See Harvey*, 542 F.3d at 1080. Because McCoy fails to properly assert the citizenship of Carroway Pre-Owned, even considering her untimely Amended Complaint, the Court would still not have subject matter jurisdiction over this matter.

### III. CONCLUSION

Thus, because McCoy has failed to establish that this Court has subject matter jurisdiction over this suit, it must be dismissed. Importantly, sua sponte dismissal is proper

---

[4] McCoy specifically requests injunctive relief, which is currently in the possession of Justin Carroway, Lauren Carroway, and Carroway Pre-Owned. [doc. #1, p. 22]. However, "'injunctive relief,' is a form of relief, not a cause of action." *Swenson v. Eldorado Casino Shreveport Joint Venture*, 15-CV-2042, 2016 WL 6106483, at *2 (W.D. La. Oct. 19, 2016).

because McCoy has had notice and opportunity to respond. After conducting a sua sponte jurisdictional review, the undersigned provided McCoy an opportunity to file an amended complaint properly establishing subject matter jurisdiction. The undersigned explained that, if McCoy failed to do so, or if McCoy's amended complaint was also insufficient to establish diversity, the undersigned would recommend dismissal. Moreover, this Report and Recommendation serves as notice of the court's intent to dismiss, and McCoy will have fourteen days to respond to the instant Report and Recommendation through objections to Judge Hicks. *See Chase v. Hodge*, 2021 WL 8017993, at *1 (W.D. Tex. June 23, 2021) (finding that a magistrate judge's sua sponte recommendation of dismissal in a report and recommendation afforded the plaintiff both notice of the court's intent to dismiss and an opportunity to respond).

Accordingly, because McCoy has failed to establish subject matter jurisdiction, **IT IS RECOMMENDED** that McCoy's claims against all Defendants be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 26th day of April, 2022.

                                                 KAYLA DYE MCCLUSKY
                                  UNITED STATES MAGISTRATE JUDGE